**RESNICK & LOUIS, P.C.**
Daniel Maldonado, Esq., AZ Bar #018483
15300 N. 90th Street, Suite 400
Scottsdale, AZ 85260
dmaldonado@rlattorneys.com
reception@rlattorneys.com
Telephone: (602) 900-1102
Fax: (602) 848-6076
*Attorneys for Defendant Sedgwick Claims Management Services*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARK ROBINSON, an individual, | CASE NO.: |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. d/b/a Sedgwick, an Arizona foreign corporation; JOHN DOES 1-10; JANE DOES 1-10; BLACK CORPORATIONS 1-10; and WHITE PARTNERSHIPS 1-10, | |
| Defendants. | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Sedgwick Claims Management Services, Inc. ("Sedgwick"), by and through their attorneys, Resnick & Louis, P.C., submits this Notice of Removal from the Superior Court of Arizona, in and for the County of Maricopa, Case No. CV2025-027167, in which the above-captioned matter is now pending, to the United

States District Court for the District of Arizona.  In support of said Notice, Defendant states as follows:

### Nature of Action

1.  This is a bad faith, breach of contract, and negligence action in which Plaintiff Mark Robinson alleges that he submitted a worker's compensation claim to Sedgwick for an accident occurring on January 7, 2022.   Plaintiff alleges, *inter alia,* that Sedgwick failed to acknowledge and act reasonably and promptly with respect to the claim, failed to conduct a prompt and adequate investigation of the claim, refused to pay claims without conducting a reasonable investigation, failed to affirm or deny coverage of claims within a reasonable time, compelled Plaintiff to institute litigation to recover amounts due, failed to promptly provide a reasonable explanation of the basis in the insurance policy for denial of a claim or for offer of settlement, attempted to settle a claim for less than the amount to which a reasonable person would be entitled, and delayed the investigation or payment of claims.

2.  Plaintiff commenced this action on August 1, 2025, by filing a Complaint in the Superior Court of Arizona, County of Maricopa, bearing Case No. CV2025-027167, and captioned as above ("State Court Action").

3.  Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings and orders served upon this defendant is attached hereto as **Exhibit A.**

### Timeliness of Removal

2

4.      On September 5, 2025, Plaintiff served a copy of the Summons and Complaint and other documents filed in the State Court Action, upon Sedgwick's registered agent.

5.      This Notice of Removal is being filed within thirty (30) days after receipt of the Complaint by Sedgwick and is therefore timely pursuant to 27 U.S.C. § 1446(b).

**Venue**

6.      Under 28 U.S.C. 1446(a), venue of this action is proper in this Court as the district and division within which the State Court Action was brought.

**Jurisdiction**

7.      Under 28 U.S.C. § 1441, Congress has granted defendants the statutory right to remove a case from state court to a United States District Court where that case could have originally been filed in federal court.  This grant is authorized by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal courts to controversies "between citizens of different states." 28 U.S.C §1332.

8.      Removal is proper in this case because the Court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1441.

**Amount in Controversy**

3

9.   The amount in controversy exceeds $75,000.00, exclusive of interest and costs, based upon Plaintiff's allegations at page 2, lns. 11-12 of the Complaint, Exhibit A, that the damages claimed qualify this action as a Tier 3 case, pursuant to Ariz. R. Civ. P., Rule 26.2(b).  Under Ariz. R. Civ. P., Rule 26.2(c)(3)(C), cases are properly assigned to Tier 3 when a plaintiff claims more than $300,000 in damages.

10.  Plaintiff's Complaint alleges that Plaintiff "has suffered and continues to suffer tremendous pain, a loss of enjoyment of life, and is facing lifelong care due to Defendant's bad faith." *Plaintiff's Complaint ¶¶ 27.*

11.  Based upon the above, it is respectfully submitted that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the amount in controversy requirement of 28 U.S.C. § 1332(a) is met here.

**Diversity of Citizenship**

12.  Upon information and belief, Plaintiff Mark Robinson is a citizen of Arizona. *Plaintiff's Complaint ¶ 1.*

13.  Further, Defendant, Sedgwick is an Illinois corporation with its principal place of business in the state of Tennessee.

14.  There is no common state citizenship in Arizona regarding Plaintiff and Defendant in this matter. *See* 28 U.S.C §1332.

**Removal is Proper**

4

15.    Insofar as the amount in controversy is alleged to exceed $75,000.00, full diversity exists between the parties, and this Notice is timely filed, removal is proper pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).

**Affirmative Statement Regarding Notice of Removal**

16.    Written notice is being given contemporaneously herewith to all parties and to the Clerk of the Arizona Superior Court, County of Maricopa, that this Notice of Removal is being filed with this Court.

17.    A Notice of Filing Notice of Removal including a copy of this Notice of Removal has been filed with the Clerk of the Arizona Superior Court, County of Maricopa, from which this action is being removed.

WHEREFORE, Defendant Sedgwick files this Notice of Removal so that the entire State Court Action under Case No. CV2025-027167, now pending in the Arizona Superior Court, County of Maricopa, shall be removed to this Court for all further proceedings.

DATED this 30th day of September, 2025.

**RESNICK & LOUIS, P.C.**

By:    /s/ Daniel Maldonado
Daniel Maldonado, Esq.
15300 N. 90th Street, Suite 400
Scottsdale, AZ 85260
*Attorneys for Defendants Sedgwick Claims*
*Management Services*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30th, 2025, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal, and mailed a copy of the foregoing document via First-Class Mail, postage prepaid, to the following counsel:

Law Badgers, PLLC
Sean A Woods
Robert T. Mills
5055 North 12th Street, Suite 100
Phoenix, Arizona 85014
docket@lawbadgers.com
swoods@lawbadgers.com
*Attorneys for Plaintiff*

By: */s/ Misty Keys*
     Misty Keys
     Employee of Resnick & Louis, P.C.

6

EXHIBIT A

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 100
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (833)383-4448
Email Address: swoods@lawbadgers.com
Representing [□ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
8/1/2025 1:56:07 PM
Filing ID 20307990

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-027167**

Mark Robison
_____
Name of Plaintiff

**SUMMONS**

AND

Sedgwick Claims Management Services, Inc.
_____
Name of Defendant

---

**WARNING:** This is an official document from the court that affects your rights. Read this carefully.
If you do not understand it, contact a lawyer for help.

---

**FROM THE STATE OF ARIZONA TO:** Sedgwick Claims Management Services, Inc.
Name of Defendant

1.  **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #11965826

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *August 01, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
8/1/2025 1:56:07 PM
Filing ID 20307989

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 100
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (833)383-4448
E-Mail Address: swoods@lawbadgers.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Mark Robison
Plaintiff(s),

v.

Sedgwick Claims Management
Services, Inc.
Defendant(s).

Case No.  **CV2025-027167**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this  August 01, 2025

By: Sean A. Woods /s/
Plaintiff/Attorney for Plaintiff

AZTurboCourt.gov Form Set #11963626

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
8/1/2025 1:56:07 PM
Filing ID 20307987

1  Sean A. Woods (Arizona Bar #028930)
2  Robert T. Mills (Arizona Bar #018853)
   **LAW BADGERS, PLLC**
3  5055 North 12th Street, Suite 100
   Phoenix, Arizona 85014
4  Telephone 833.383.4448
5  docket@lawbadgers.com
   swoods@lawbadgers.com
6  *Attorneys for Plaintiff*

7

8           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9              **IN AND FOR THE COUNTY OF MARICOPA**

10  MARK ROBISON, an individual,          Case No.:  CV2025-027167

11                 Plaintiff,             **PLAINTIFF'S COMPLAINT**

12      vs.

13
    SEDGWICK  CLAIMS  MANAGEMENT
14  SERVICES,  INC.  d/b/a Sedgwick,  an
    Arizona foreign corporation; JOHN DOES
15  1-10;    JANE    DOES    1-10;   BLACK
    CORPORATIONS   1-10;   and   WHITE
16  PARTNERSHIPS 1-10,
17
18                 Defendants.

19

20      Through counsel undersigned, Plaintiff Mark Robison hereby alleges and states the

21  following:

22            **PARTIES, JURISDICTION, VENUE, AND TIER**

23
        1.    Plaintiff Mark Robison ("Plaintiff") is an individual who resides in and
24
25  suffered injuries in Maricopa County.

26      2.    Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

27  d/b/a Sedgwick ("Sedgwick") is an Arizona foreign corporation domiciled in Illinois and

28
    licensed through the Arizona Department of Insurance and Financial Institutions to do

LAW BADGERS, PLLC
5055 North 12th Street, Ste 100
Phoenix, AZ 85014
Telephone: 833-383-4448

business in Arizona, and actually conducts business in Arizona – including Maricopa County.

3.      JOHN and JANE DOE Defendants 1-10, BLACK CORPORATIONS 1-10, and WHITE PARTNERSHIPS 1-10 represent individual or corporate defendants who may be liable for the acts or omissions as set forth in Plaintiff's Complaint. Plaintiff will substitute the true names of these defendants upon discovery.

4.      Jurisdiction is proper pursuant to the Arizona Constitution.

5.      Venue is proper pursuant to A.R.S. § 12-401(7).

6.      This action qualifies for Tier 3 discovery pursuant to Rule 26.2 of the Arizona Rules of Civil Procedure.

## GENERAL ALLEGATIONS

7.      On January 7, 2022, Mark suffered injuries to his shoulders and spine while performing his duties as an employee of Dollar Tree. (the "Injuries").

8.      Mark immediately reported these injuries to his employer and a Worker's Compensation claim was opened through Sedgwick (the "Claim").

9.      Dollar Tree was Mark's employer.

10.     Dollar Tree maintained worker's compensation insurance in the event any of its employees were injured.

11.     Sedgwick was the insurance provider for the Claim.

12.     Mark, as an employee of Dollar Tree, was an insured under Sedgwick's policies.

LAW BADGERS, PLLC
5055 North 12th Street, Ste 100
Phoenix, AZ 85014
Telephone: 833-383-4448

2

13.     Mark began seeing providers shortly thereafter who confirmed that he had suffered bilateral shoulder injuries (the "Shoulder Injuries") and injuries to his Cervical Spine (the "Spine Injuries").

14.     From the very beginning, Mark complained of his Spinal Injuries and medical reports noted these complaints.

15.     Furthermore, medical providers ordered MRIs which also showed that he had suffered Spinal Injuries.

16.     On or about August 15, 2023, his medical providers recommended and submitted a preauthorization request to Sedgwick for surgical consultation for decompression and fusion.

17.     Dr. Jeffrey D. Scott submitted this preauthorization request.

18.     Dr. Jeffrey D. Scott is a Board-Certified Specialist in Physical Medicine and Rehabilitation.

19.     Sedgwick denied the request.

20.     On or about September 13, 2023, Mark was seen again by Dr. Scott who recommended an urgent surgical consultation and again submitted a preauthorization request to Sedgwick.

21.     Sedgwick denied the request.

22.     Since the date of his Injuries, Mark has experienced severe, debilitating pain, and has lost the full usage of his arms.

23.     Despite clear medical recommendations, Sedgwick cruelly denied Mark the treatment he needed for months.

LAW BADGERS, PLLC
5055 North 12th Street, Ste 100
Phoenix, AZ 85014
Telephone: 833-383-4448

24.     Mark was left to suffer and face reduced chances of full recovery because of Sedgwick's denials.

25.     It was not until December 2023 that Sedgwick authorized a consultation with Dr. Abhinesh Sharma ("Sharma").

26.     On or about April 25, 2024, surgery for his cervical spine was approved.

27.     Mark has suffered and continues to suffer tremendous pain, a loss of enjoyment of life, and is facing lifelong care due to Defendant's bad faith.

## COUNT I - UNFAIR SETTLEMENT PRACTICES / BAD FAITH

28.     Plaintiff restates and re-alleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

29.     Defendant issued a policy of insurance, which was a contract, that ensured that Plaintiff would be compensated for partial or total loss of the Residence.

30.     Defendant has acted in bad faith in failing to provide benefits as Provided for in the Policy.

31.     Defendant has acted in bad faith in failing to compensate Plaintiff for loss as determined by the Appraisal Award.

32.     Defendant acted in bad faith and breached its implied covenant of good faith and fair dealing and breached its independent promise to adjust the claim consistent with the Arizona Unfair Claim Practices Act, A.R.S. §§ 20-461 and 462 in the following ways without limitation:

i.     Failing to acknowledge and act reasonably and promptly upon communication with respect to claims arising under an insurance policy;

4

LAW BADGERS, PLLC
5055 North 12th Street, Ste 100
Phoenix, AZ 85014
Telephone: 833-383-4448

ii.   Failing to conduct a prompt and adequate investigation of claims arising under an insurance policy;

iii.  Refusing to pay claims without conducting a reasonable investigation;

iv.   Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

v.    Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately owed;

vi.   Failing to promptly provide a reasonable explanation of the basis in the insurance policy relative to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

vii.  Attempting to settle a claim for less than the amount to which a reasonable person would have believed he was entitled; and

viii. Delaying the investigation or payment of claims.

33.   Violation of the Arizona Unfair Claim Practices Act is a breach of the implied covenant of good faith and fair dealing of the Policy which resulted in reasonably foreseeable consequential damages.

34.   Defendant acted in bad faith and breached the implied covenant of good faith and fair dealing and breached its independent promise to adjust the claim consistent with the Arizona Department of Insurance Regulations, namely A.A.C. R20-6-801 by, without limitation, failing to:

- Complete investigation of a claim within 30 days after notification of claim, when its investigation can reasonably be completed within such tie;
- Failing to advise within fifteen working days after receipt by the insurer of properly executed proofs of loss, of the acceptance or denial of the claim by the insurer;
- Failing to keep Plaintiff apprised of his claim;

- Failing to, if the insurer needs more time to determine whether a first party claim should be accepted or denied, notify Plaintiff within fifteen working days after the receipt of the proof of loss giving the reasons more time is needed; and

- Failing to inform Plaintiff in a letter setting forth the reasons additional time is needed for investigation 45 days from the date of the initial notification and every 45 days thereafter.

35.    As a direct and proximate result, Plaintiff has sustained damages in an amount to be proven at trial.

36.    This matter arises out of contract. Therefore, Plaintiff is entitled to recover his costs and attorneys' fees under A.R.S. § 12-341.01

37.    Plaintiff is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled under A.R.S. § 20-462.

## COUNT II - BREACH OF FIDUCIARY DUTY

38.    Plaintiff restates and re-alleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

39.    Plaintiff was at all relevant times an insured under a policy of insurance issued by Defendant.

40.    This relationship gave rise to fiduciary duties owed by Defendant to Plaintiff.

41.    Defendant, as Plaintiff's insurer and fiduciary, was required to act with the highest degree of honesty, loyalty, good faith and fair dealing.

42.    As a fiduciary, Defendant was required to make a full and truthful disclosure to Plaintiff of all material facts.

43.    Defendant breached its fiduciary duties to Plaintiff by the conduct alleged herein.

LAW BADGERS, PLLC
5055 North 12th Street, Ste 100
Phoenix, AZ 85014
Telephone: 833-383-4448

44.     As a direct and proximate result, Plaintiff sustained damages in an amount to be proven at trial.

## COUNT III – NEGLIGENCE

45.     Plaintiff restates and re-alleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

46.     Defendant owed Plaintiff the duty to act as a reasonably careful person and to exercise reasonable care and skill in the performance of its duties as insurer and insurance adjuster.

47.     Defendant breached these duties by the conduct alleged herein.

48.     As a direct and proximate result, Plaintiff sustained damages in an amount to be proven at trial.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

A. Compensatory damages including medical billings, lost wages, special damages, and general damages;

B. Damages for his pain and suffering proximately caused by the Claim and resultant actions taken by Defendant;

C. Pre- and post-judgment interest on the above, to the fullest extent provided by law;

D. Punitive Damages; and,

E. Such other and further relief as this Court deems just and proper.

7

LAW BADGERS, PLLC
5055 North 12th Street, Ste 100
Phoenix, AZ 85014
Telephone: 833-383-4448

**RESPECTFULLY SUBMITTED** this 1st day of August 2025.

**LAW BADGERS, PLLC**

By   */s/ Sean A. Woods*
     Sean A. Woods
     Robert T. Mills
     5055 North 12th Street, Suite 100
     Phoenix, Arizona 85014
     *Attorneys for Plaintiff*

**ORIGINAL** filed this 1st day of August 2025
via AZTurboCourt with the Clerk of the
Mohave County Superior Court.


    */s/ Ben Dangerfield*

LAW BADGERS, PLLC
5055 North 12th Street, Ste 100
Phoenix, AZ 85014
Telephone: 833-383-4448

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA

## Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

---

**Plaintiff**(s):    **Mark Robinson an individual, Plaintiff;**

**Defendant**(s): **Sedgwick Claims Management Services, Inc. d/b/a Sedgwick an Arizona foreign corporation, Defendants;**

County of Residence: Maricopa

County of Residence: Maricopa

County Where Claim For Relief Arose: Maricopa

Plaintiff's Atty(s):

**Sean Woods , Attorney for Plaintiff**
Law Badgers, PLLC
5055 North 12th Street, Suite 100
Phoenix, Arizona  85014
833.383.4448

Defendant's Atty(s):

**Daniel Maldonado , Attorney for Defendant**
Resnick & Louis
15300 N. 90th Street. Suite 400
Scottsdale, Arizona  85260
602.900.1102

---

**IFP REQUESTED**

---

**REMOVAL FROM Maricopa COUNTY, CASE #CV2025-027167**

<u>II. Basis of Jurisdiction</u>:    **4. Diversity (complete item III)**

<u>III. Citizenship of Principal Parties</u>**(Diversity Cases Only)**

Plaintiff:-    **1 Citizen of This State**

Defendant:-    **5 Non AZ corp and Principal place of Business outside AZ**

<u>IV. Origin</u> :    **2. Removed From State Court**
<u>V. Nature of Suit</u>:    **110 Insurance**

<u>VI.Cause of Action</u>:    **Unfair Settlement Practices/ Bad faith, Breach of Fiduciary Duty, Negligence**

<u>VII. Requested in Complaint</u>

Class Action:    **No**

Dollar Demand:    **excess $300,000**

Jury Demand:    **Yes**

<u>VIII. This case</u> **IS RELATED** to Case Number **is not related to another case** assigned to Judge **.**

---

**Signature:** <u>Daniel Maldonado</u>

   **Date:** <u>09.30.2025</u>

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.

Revised: 01/2014

**SUPPLEMENTAL CIVIL COVER SHEET**
**FOR CASES REMOVED FROM ANOTHER JURISDICTION**

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

---

1.  **Style of the Case:**
    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|-------|-----------|-------------|
| Mark Robinson | Plaintiff | Law Badgers, PLLC<br>Sean A Woods<br>Robert T. Mills<br>5055 North 12th Street, Suite 100<br>Phoenix, Arizona 85014<br>docket@lawbadgers.com<br>swoods@lawbadgers.com |
| Sedgwick Claims Management Services, Inc. | Defendant | Daniel Maldonado<br>Resnick & Louis, PC<br>15300 N. 90th Street, Suite 400<br>Scottsdale, AZ 85260<br>602.900.1102 |
| | | |

2.  **Jury Demand:**
    Was a Jury Demand made in another jurisdiction?    Yes ⊙        No ◯
    If "Yes," by which party and on what date?

    Mark Robinson                                                                08/01/2025

3.  **Answer:**
    Was an Answer made in another jurisdiction?    Yes ◯        No ⊙
    If "Yes," by which party and on what date?

**4.**    **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
| Sedgwick Claims Management Services, Inc. | 09/05/2025 | Mail |
| | | |
| | | |

**5.**    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|---|---|
| | |
| | |
| | |

**6.**    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|---|---|
| | |
| | |
| | |

**7.**    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|---|---|
| Mark Robinson | Unfair Settlement Practices/ Bad faith, Breach of Fiduciary Duty, Negligence |
| | |
| | |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

Supp CV Cover Sheet (rev 8/20/2015)