# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
A. Marquez, Deputy
8/1/2025 1:56:07 PM
Filing ID 20307988

**Plaintiff's Attorneys:**
Sean A. Woods - Primary Attorney
Bar Number: 028930, issuing State: AZ
Law Firm: Law Badgers PLLC
5055 N. 12th St. Suite 100
Phoenix, AZ 85014
Telephone Number: (833)383-4448
Email address: swoods@lawbadgers.com

Robert T. Mills
Bar Number: 018853, issuing State: AZ
Law Firm: Law Badgers PLLC
Telephone Number: (833)383-4448

CV2025-027167

**Plaintiff:**
Mark Robison

**Defendant:**
Sedgwick Claims Management Services, Inc.

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Insurance Bad Faith

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest 09/25 20 25

JOSEPH W. MALKA, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By _____, Deputy Clerk

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 100
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (833)383-4448
Email Address: swoods@lawbadgers.com
Representing [ ] Self or [X] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
8/1/2025 1:56:07 PM
Filing ID 20307990

## SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: CV2025-027167

Mark Robison
Name of Plaintiff

**SUMMONS**

AND

Sedgwick Claims Management Services, Inc.
Name of Defendant

**WARNING:** This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Sedgwick Claims Management Services, Inc.
Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *August 01, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest  09/25  20 25
JOSEPH W. MALKA, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By _____, Deputy Clerk

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
A. Marquez, Deputy
8/1/2025 1:56:07 PM
Filing ID 20307987

Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**LAW BADGERS, PLLC**
5055 North 12th Street, Suite 100
Phoenix, Arizona 85014
Telephone 833.383.4448
docket@lawbadgers.com
swoods@lawbadgers.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MARK ROBISON, an individual, | Case No.: CV2025-027167 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| vs. | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. d/b/a Sedgwick, an Arizona foreign corporation; JOHN DOES 1-10; JANE DOES 1-10; BLACK CORPORATIONS 1-10; and WHITE PARTNERSHIPS 1-10, | |
| Defendants. | |

Through counsel undersigned, Plaintiff Mark Robison hereby alleges and states the following:

**PARTIES, JURISDICTION, VENUE, AND TIER**

1. Plaintiff Mark Robison ("Plaintiff") is an individual who resides in and suffered injuries in Maricopa County.

2. Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. d/b/a Sedgwick ("Sedgwick") is an Arizona foreign corporation domiciled in Illinois and licensed through the Arizona Department of Insurance and Financial Institutions to do

business in Arizona, and actually conducts business in Arizona – including Maricopa County.

3. JOHN and JANE DOE Defendants 1-10, BLACK CORPORATIONS 1-10, and WHITE PARTNERSHIPS 1-10 represent individual or corporate defendants who may be liable for the acts or omissions as set forth in Plaintiff's Complaint. Plaintiff will substitute the true names of these defendants upon discovery.

4. Jurisdiction is proper pursuant to the Arizona Constitution.

5. Venue is proper pursuant to A.R.S. § 12-401(7).

6. This action qualifies for Tier 3 discovery pursuant to Rule 26.2 of the Arizona Rules of Civil Procedure.

## GENERAL ALLEGATIONS

7. On January 7, 2022, Mark suffered injuries to his shoulders and spine while performing his duties as an employee of Dollar Tree. (the "Injuries").

8. Mark immediately reported these injuries to his employer and a Worker's Compensation claim was opened through Sedgwick (the "Claim").

9. Dollar Tree was Mark's employer.

10. Dollar Tree maintained worker's compensation insurance in the event any of its employees were injured.

11. Sedgwick was the insurance provider for the Claim.

12. Mark, as an employee of Dollar Tree, was an insured under Sedgwick's policies.

2

13. Mark began seeing providers shortly thereafter who confirmed that he had suffered bilateral shoulder injuries (the "Shoulder Injuries") and injuries to his Cervical Spine (the "Spine Injuries").

14. From the very beginning, Mark complained of his Spinal Injuries and medical reports noted these complaints.

15. Furthermore, medical providers ordered MRIs which also showed that he had suffered Spinal Injuries.

16. On or about August 15, 2023, his medical providers recommended and submitted a preauthorization request to Sedgwick for surgical consultation for decompression and fusion.

17. Dr. Jeffrey D. Scott submitted this preauthorization request.

18. Dr. Jeffrey D. Scott is a Board-Certified Specialist in Physical Medicine and Rehabilitation.

19. Sedgwick denied the request.

20. On or about September 13, 2023, Mark was seen again by Dr. Scott who recommended an urgent surgical consultation and again submitted a preauthorization request to Sedgwick.

21. Sedgwick denied the request.

22. Since the date of his Injuries, Mark has experienced severe, debilitating pain, and has lost the full usage of his arms.

23. Despite clear medical recommendations, Sedgwick cruelly denied Mark the treatment he needed for months.

3

24. Mark was left to suffer and face reduced chances of full recovery because of Sedgwick's denials.

25. It was not until December 2023 that Sedgwick authorized a consultation with Dr. Abhinesh Sharma ("Sharma").

26. On or about April 25, 2024, surgery for his cervical spine was approved.

27. Mark has suffered and continues to suffer tremendous pain, a loss of enjoyment of life, and is facing lifelong care due to Defendant's bad faith.

## COUNT I - UNFAIR SETTLEMENT PRACTICES / BAD FAITH

28. Plaintiff restates and re-alleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

29. Defendant issued a policy of insurance, which was a contract, that ensured that Plaintiff would be compensated for partial or total loss of the Residence.

30. Defendant has acted in bad faith in failing to provide benefits as Provided for in the Policy.

31. Defendant has acted in bad faith in failing to compensate Plaintiff for loss as determined by the Appraisal Award.

32. Defendant acted in bad faith and breached its implied covenant of good faith and fair dealing and breached its independent promise to adjust the claim consistent with the Arizona Unfair Claim Practices Act, A.R.S. §§ 20-461 and 462 in the following ways without limitation:

    i. Failing to acknowledge and act reasonably and promptly upon communication with respect to claims arising under an insurance policy;

4

ii. Failing to conduct a prompt and adequate investigation of claims arising under an insurance policy;

iii. Refusing to pay claims without conducting a reasonable investigation;

iv. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

v. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately owed;

vi. Failing to promptly provide a reasonable explanation of the basis in the insurance policy relative to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

vii. Attempting to settle a claim for less than the amount to which a reasonable person would have believed he was entitled; and

viii. Delaying the investigation or payment of claims.

33. Violation of the Arizona Unfair Claim Practices Act is a breach of the implied covenant of good faith and fair dealing of the Policy which resulted in reasonably foreseeable consequential damages.

34. Defendant acted in bad faith and breached the implied covenant of good faith and fair dealing and breached its independent promise to adjust the claim consistent with the Arizona Department of Insurance Regulations, namely A.A.C. R20-6-801 by, without limitation, failing to:

- Complete investigation of a claim within 30 days after notification of claim, when its investigation can reasonably be completed within such tie;
- Failing to advise within fifteen working days after receipt by the insurer of properly executed proofs of loss, of the acceptance or denial of the claim by the insurer;
- Failing to keep Plaintiff apprised of his claim;

5

- Failing to, if the insurer needs more time to determine whether a first party claim should be accepted or denied, notify Plaintiff within fifteen working days after the receipt of the proof of loss giving the reasons more time is needed; and
- Failing to inform Plaintiff in a letter setting forth the reasons additional time is needed for investigation 45 days from the date of the initial notification and every 45 days thereafter.

35. As a direct and proximate result, Plaintiff has sustained damages in an amount to be proven at trial.

36. This matter arises out of contract. Therefore, Plaintiff is entitled to recover his costs and attorneys' fees under A.R.S. § 12-341.01

37. Plaintiff is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled under A.R.S. § 20-462.

## COUNT II - BREACH OF FIDUCIARY DUTY

38. Plaintiff restates and re-alleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

39. Plaintiff was at all relevant times an insured under a policy of insurance issued by Defendant.

40. This relationship gave rise to fiduciary duties owed by Defendant to Plaintiff.

41. Defendant, as Plaintiff's insurer and fiduciary, was required to act with the highest degree of honesty, loyalty, good faith and fair dealing.

42. As a fiduciary, Defendant was required to make a full and truthful disclosure to Plaintiff of all material facts.

43. Defendant breached its fiduciary duties to Plaintiff by the conduct alleged herein.

6

44.     As a direct and proximate result, Plaintiff sustained damages in an amount to be proven at trial.

## COUNT III – NEGLIGENCE

45.     Plaintiff restates and re-alleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

46.     Defendant owed Plaintiff the duty to act as a reasonably careful person and to exercise reasonable care and skill in the performance of its duties as insurer and insurance adjuster.

47.     Defendant breached these duties by the conduct alleged herein.

48.     As a direct and proximate result, Plaintiff sustained damages in an amount to be proven at trial.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

A. Compensatory damages including medical billings, lost wages, special damages, and general damages;

B. Damages for his pain and suffering proximately caused by the Claim and resultant actions taken by Defendant;

C. Pre- and post-judgment interest on the above, to the fullest extent provided by law;

D. Punitive Damages; and,

E. Such other and further relief as this Court deems just and proper.

7

**RESPECTFULLY SUBMITTED** this 1st day of August 2025.

**LAW BADGERS, PLLC**

By  /s/ Sean A. Woods
Sean A. Woods
Robert T. Mills
5055 North 12th Street, Suite 100
Phoenix, Arizona 85014
*Attorneys for Plaintiff*

**ORIGINAL** filed this 1st day of August 2025 via AZTurboCourt with the Clerk of the Mohave County Superior Court.

/s/ Ben Dangerfield

The foregoing instrument is a full, true and correct copy of the original on file in this office.
Attest  09/25  20 25
JOSEPH W. MALKA, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.
By _____, Deputy Clerk

8

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
8/1/2025 1:56:07 PM
Filing ID 20307989

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 100
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (833)383-4448
E-Mail Address: swoods@lawbadgers.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Mark Robison
Plaintiff(s),
v.
Sedgwick Claims Management Services, Inc.
Defendant(s).

Case No. CV2025-027167

**CERTIFICATE OF COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this** August 01, 2025

By: Sean A. Woods /s/
Plaintiff/Attorney for Plaintiff

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest  09/25         20 25
JOSEPH W. MALKA, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By _____, Deputy Clerk

T. Scott Legal Support Services
Gary Steiner ID# MC 7767
(480) 227-7297
Tscottlegal2007@aol.com

CLERK OF THE
SUPERIOR COURT
FILED
M. ACOSTA, DEP
2025 SEP 09 AM 08:23

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

In re the matter of:

MARK ROBINSON, et al.,

    Plaintiff/(s),

v.

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., et al,

    Defendant(s).

Case No: CV2025-027167

**CERTIFICATE OF SERVICE**

1. I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on September 4, 2025, I received: <u>Summons, Certificate Of Compulsory Arbitration and a Complaint</u> from The Plaintiff(s).

2. I then proceeded to successfully serve the above described documents on Nicole Fruh, Statutory Agent for Sedgwick Claims Management Services, Inc. at 7955 S. Priest Dr., #120, Tempe, AZ on September 5, 2025 at approximately 3:05 pm. I verified she could accept service and served her.

3. This is considered to be personal service.

4. The fee I charged for this service was $130

I declare under the penalty of perjury that the foregoing is true and correct

_____         9/8/25
Gary Steiner                                                  Date

Page 1

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest 09/25  20 25

JOSEPH W. MALKA, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By _____, Deputy Clerk