# EXHIBIT 1

Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Robison, an individual, | Case No.: CV-25-03618-PHX-DGC |
| Plaintiff, | |
| vs. | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| DG Retail, LLC, a Tennessee limited liability company; Dollar General Corporation, a Tennessee corporation, ~~Sedgwick Claims Management Services, Inc. d/b/a Sedgwick, an Arizona foreign corporation;~~ John Does 1-10; Jane Does 1-10; Black Corporations 1-10; and White Partnerships 1-10, | (Assigned to the Honorable David G. Campbell) |
| Defendants. | |

Through counsel undersigned, Plaintiff Mark Robison hereby alleges and states the following:

**PARTIES, JURISDICTION, AND VENUE~~, AND TIER~~**

1. Plaintiff Mark Robison ("Plaintiff" or "Mark") is an individual who resides in and suffered injuries in Maricopa County.

2. Defendant DG Retail, LLC ("DGR") ~~SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. d/b/a Sedgwick ("Sedgwick") is~~ a ~~an Arizona~~ foreign limited liability company ~~corporation~~ domiciled in ~~Illinois~~ Tennessee and licensed ~~through~~

1  ~~the Arizona Department of Insurance and Financial Institutions~~ to do <ins>and actually does</ins> business in Arizona, ~~and actually conducts business in Arizona~~ including Maricopa County.

<ins>2.</ins>~~3.~~   Defendant Dollar General Corporation ("DGC") is a foreign corporation domiciled in Tennessee and licensed to do and actually does business in Arizona, including Maricopa County.

~~3.   JOHN and JANE DOE Defendants 1-10, BLACK CORPORATIONS 1-10, and WHITE PARTNERSHIPS 1-10 represent individual or corporate defendants who may be liable for the acts or omissions as set forth in Plaintiff's Complaint. Plaintiff will substitute the true names of these defendants upon discovery.~~

4.   Jurisdiction is proper pursuant to ~~the Arizona Constitution.~~<ins>28 U.S.C. §§ 1332 and 1441.</ins>

5.   Venue is proper pursuant to ~~A.R.S. § 12-401(7).~~<ins>28 U.S.C. § 1446(a).</ins>

~~6.   This action qualifies for Tier 3 discovery pursuant to Rule 26.2 of the Arizona Rules of Civil Procedure.~~

**GENERAL ALLEGATIONS**

~~7.~~<ins>6.</ins>   On January 7, 2022, Mark suffered injuries to his shoulders and spine while performing his duties as an employee of ~~Dollar Tree~~ <ins>DGC</ins>. (the "Injuries").

~~8.~~<ins>7.</ins>   Mark immediately reported these injuries to his employer and a Worker's Compensation claim was opened through ~~Sedgwick~~ <ins>DGR and/or DGC</ins> (the "Claim").

~~9.~~<ins>8.</ins>   ~~Dollar Tree~~ <ins>DGC</ins> was Mark's employer.

10.9.  ~~Dollar Tree~~ DGC ~~maintained worker's compensation insurance~~ insured or partially insured itself ~~in the event any of its employees were injured.~~ from employee injury claims and/or utilized DGR as a worker's compensation insurer.

11.10. ~~Sedgwick was~~ Consequently, DGR and/or DGC were the insurance providers for the Claim.

12.11. Mark, as an employee of ~~Dollar Tree~~DGC, was an insured under ~~Sedgwick's~~DGR and/or DGC's policies.

13.12. Mark began seeing providers shortly thereafter who confirmed that he had suffered bilateral shoulder injuries (the "Shoulder Injuries") and injuries to his Cervical Spine (the "Spine Injuries").

14.13. From the very beginning, Mark complained of his Spinal Injuries and medical reports noted these complaints.

15.14. Furthermore, medical providers ordered MRIs which also showed that he had suffered Spinal Injuries.

16.15. On or about August 15, 2023, his medical providers recommended and submitted a preauthorization request to ~~Sedgwick~~ DGR and/or DGC for surgical consultation for decompression and fusion.

17.16. Dr. Jeffrey D. Scott submitted this preauthorization request.

18.17. Dr. Jeffrey D. Scott is a Board-Certified Specialist in Physical Medicine and Rehabilitation.

19.18. ~~Sedgwick~~ DGR and/or DGC denied the request.

3

20.19. On or about September 13, 2023, Mark was seen again by Dr. Scott who recommended an urgent surgical consultation and again submitted a preauthorization request to ~~Sedgwick.~~ DGR and/or DGC.

21.20. ~~Sedgwick~~ DGR and/or DGC denied the request.

22.21. Since the date of his Injuries, Mark has experienced severe, debilitating pain, and has lost the full usage of his arms.

23.22. Despite clear medical recommendations, ~~Sedgwick~~ DGR and/or DGC cruelly denied Mark the treatment he needed for months.

24.23. Mark was left to suffer and face reduced chances of full recovery because of ~~Sedgwick's~~ DGR's and/or DGC's denials.

25.24. It was not until December 2023 that ~~Sedgwick~~ DGR and/or DGC authorized a consultation with Dr. Abhinesh Sharma ("Sharma").

26.25. On or about April 25, 2024, surgery for his cervical spine was approved.

27.26. Mark has suffered and continues to suffer tremendous pain, a loss of enjoyment of life, and is facing lifelong care due to ~~Defendant's~~ DGR's and/or DGC's bad faith.

**COUNT I - UNFAIR SETTLEMENT PRACTICES / BAD FAITH**

28.27. Plaintiff restates and re-alleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

29.28. ~~Defendant~~ DGR and/or DGC issued a policy of insurance (the "Policy"), which was a contract, that ensured that Plaintiff would be compensated ~~for partial or total loss of the Residence.~~ for his injuries.

4

~~30.~~29. ~~Defendant~~ DGR and/or DGC has acted in bad faith in failing to provide benefits as Provided for in the Policy.

~~31.~~30. ~~Defendant~~ DGR and/or DGC ~~has~~ acted in bad faith in failing to approve necessary and emergent injury treatment in a timely matter, causing Plaintiff to suffer with his injuries in despair. ~~compensate Plaintiff for loss as determined by the Appraisal Award.~~

~~32.~~31. ~~Defendant~~ DGR and/or DGC acted in bad faith, ~~and~~ breached ~~its~~ the implied covenant of good faith and fair dealing, and breached ~~its~~ the independent promise to adjust the claim consistent with the Arizona Unfair Claim Practices Act, A.R.S. §§ 20-461 and 462 in the following ways without limitation:

    i. Failing to acknowledge and act reasonably and promptly upon communication with respect to claims arising under an insurance policy;

    ii. Failing to conduct a prompt and adequate investigation of claims arising under an insurance policy;

    iii. Refusing to pay claims without conducting a reasonable investigation;

    iv. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

    v. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately owed;

    vi. Failing to promptly provide a reasonable explanation of the basis in the insurance policy relative to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

5

    vii. Attempting to settle a claim for less than the amount to which a reasonable person would have believed he was entitled; and

    viii. Delaying the investigation or payment of claims.

33.32. Violation of the Arizona Unfair Claim Practices Act is a breach of the implied covenant of good faith and fair dealing of the Policy which resulted in reasonably foreseeable consequential damages.

34.33. ~~Defendant~~ DGR and/or DGC acted in bad faith and breached the implied covenant of good faith and fair dealing and breached its independent promise to adjust the claim consistent with the Arizona Department of Insurance Regulations, namely A.A.C. R20-6-801 by, without limitation, failing to:

- Complete investigation of a claim within 30 days after notification of claim, when its investigation can reasonably be completed within such tie;
- Failing to advise within fifteen working days after receipt by the insurer of properly executed proofs of loss, of the acceptance or denial of the claim by the insurer;
- Failing to keep Plaintiff apprised of his claim;
- Failing to, if the insurer needs more time to determine whether a first party claim should be accepted or denied, notify Plaintiff within fifteen working days after the receipt of the proof of loss giving the reasons more time is needed; and
- Failing to inform Plaintiff in a letter setting forth the reasons additional time is needed for investigation 45 days from the date of the initial notification and every 45 days thereafter.

35.34. As a direct and proximate result, Plaintiff has sustained damages in an amount to be proven at trial.

36.35. This matter arises out of contract. Therefore, Plaintiff is entitled to recover his costs and attorneys' fees under A.R.S. § 12-341.01

37.36. Plaintiff is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled under A.R.S. § 20-462.

6

### COUNT II - BREACH OF FIDUCIARY DUTY

~~38.~~37. Plaintiff restates and re-alleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

~~39.~~38. Plaintiff was at all relevant times an insured under a policy of insurance issued by ~~Defendant.~~ DGR and/or DGC.

~~40.~~39. This relationship gave rise to fiduciary duties owed by ~~Defendant~~ DGR and/or DGC to Plaintiff.

~~41.~~40. ~~Defendant~~DGR and/or DGC, as Plaintiff's insurer~~s~~ and ~~fiduciary~~fiduciaries, ~~was~~were required to act with the highest degree of honesty, loyalty, good faith and fair dealing.

~~42.~~41. As ~~a fiduciary~~fiduciaries, ~~Defendant~~ DGR and/or DGC ~~was~~ were required to make a full and truthful disclosure to Plaintiff of all material facts.

~~43.~~42. ~~Defendant~~ DGR and/or DGC breached ~~its~~ fiduciary duties to Plaintiff by the conduct alleged herein.

~~44.~~43. As a direct and proximate result, Plaintiff sustained damages in an amount to be proven at trial.

### COUNT III – NEGLIGENCE

~~45.~~44. Plaintiff restates and re-alleges the allegations of the previous paragraphs of this First Amended Complaint as if fully set forth herein.

~~46.~~45. ~~Defendant~~ DGR and/or DGC owed Plaintiff the duty to act as a reasonably careful person or entity and to exercise reasonable care and skill in the performance of ~~its~~their duties as insurer and/or insurance adjuster.

7

47.46. ~~Defendant~~ DGR and/or DGC breached these duties by the conduct alleged herein.

48.47. As a direct and proximate result, Plaintiff sustained damages in an amount to be proven at trial.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff~~s~~ pray~~s~~ for the following relief:

A. Compensatory damages including medical billings, lost wages, special damages, and general damages;

B. Damages for his pain and suffering proximately caused by the Claim and resultant actions taken by Defendant~~s~~;

C. Pre- and post-judgment interest on the above, to the fullest extent provided by law;

D. Punitive Damages; and,

E. Such other and further relief as this Court deems just and proper.

8

**RESPECTFULLY SUBMITTED** this 23rd day of January 2026.

**MILLS + WOODS LAW, PLLC**

By  /s/ Sean A. Woods
  Robert T. Mills
  Sean A. Woods
  5055 North 12th Street, Suite 101
  Phoenix, AZ 85014
  *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel Maldonado, Esq.
dmaldonado@rlattorneys.com
mkeys@rlattorneys.com
Steven J. Davis, Esq.
sdavis@rlattorneys.com
**RESNICK & LOUIS, P.C.**
15300 N 90th St., Ste. 400
Scottsdale, AZ 85260
(602) 900-1102
*Attorneys for Defendant Sedgwick Claims Management Services*

  /s/ Ben Dangerfield

9