Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Robison, an individual,<br>Plaintiff,<br>vs.<br>DG Retail, LLC, a Tennessee limited liability company; Dollar General Corporation, a Tennessee corporation,<br>Defendants. | Case No.: CV-25-03618-PHX-DGC<br><br>**PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT VIA HEARING AGAINST DEFENDANTS**<br><br>(Assigned to the Honorable David G. Campbell) |

Through undersigned counsel and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff Mark Robison ("Plaintiff" or "Mark") hereby applies to the Court for a default judgment against Defendants DG Retail, LLC ("DGR") and Dollar General Corporation ("DGC"), to be entered at or following a default damages hearing to be set by the Court. Plaintiff applies for a default judgment via hearing against Defendants on the grounds that a proper default has been entered against them, his claims are not for a sum certain or a sum that can be made certain by computation, and a hearing is needed in order to determine the amount of damages to be awarded.

Plaintiff is a former employee of DGC who suffered severe injuries to his shoulders and spine while performing his duties. *See* ECF No. 10, ¶ 6. DGC fully or partially "insured itself from employee injury claims and/or utilized DGR as a worker's

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

compensation insurer." *Id.* ¶ 9. Shortly thereafter, Plaintiff began seeking medical treatment and was diagnosed with bilateral shoulder and cervical spinal injuries. *See id.* ¶ 12. Defendants failed to timely approve multiple preauthorization requests by Plaintiff's physicians for needed surgical consultation, at least one of them "urgent." *See id.* ¶¶ 15-20. They failed to approve the needed surgery until approximately eight-and-a-half months after the first preauthorization request was submitted. *See id.* ¶¶ 15, 19, 25. In the interim, "Mark was left to suffer," "experienced severe, debilitating pain," "lost the full usage of his arms," and "face[d] reduced chances of full recovery because of [Defendants'] denials." *Id.* ¶¶ 21, 23.

On June 26, 2026, as Defendants, having been duly served with Plaintiff's First Amended Complaint (the "FAC") back on March 30, 2026, *see* ECF Nos. 17-18, had failed to plead or otherwise defend at all against it, let alone within the time limit allowed by the Federal Rules of Civil Procedure, *see* docket, *generally*; ECF No. 20-1, ¶¶ 2-4, Plaintiff filed his Request for Entry of Default Against Defendants, ECF No. 20, along with an accompanying Declaration of Default and Entry of Default, ECF No. 20-1. Both documents were mailed out to Defendants' common statutory agent in Nashville, Tennessee. ECF No. 20 at 2; ECF No. 20-1 at 2.

Later that same day, the Clerk entered default against Defendants. ECF No. 21. Even at the present date, and despite being both personally served with the FAC and served by mail with the Request for Default, neither of Defendants has appeared or filed anything at all, let alone answered or otherwise defended against the FAC. *See* docket, *generally*.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

After a default is entered against a defendant, the plaintiff may then request or apply for a default judgment. *See* Fed. R. Civ. P. 55(b)(1)-(2). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" and the plaintiff includes an affidavit for the amount due, he may simply request the imposition of a judgment, and the clerk then "*must* enter judgment for that amount and costs" against that defendant. Fed. R. Civ. P. 55(b)(1) (emphasis added). However, where a plaintiff's claim is *not* for a sum certain or cannot be precisely computed, he "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

Here, Plaintiff's claims are *not* for a sum certain or one that can be specifically computed. While a portion of the relief he requests may be regarded as liquidated, such as compensatory damages for his medical costs and lost wages, *see* ECF No. 10 at 7:16-17, much of it is not. For example, Plaintiff requests "damages for his pain and suffering," "[p]unitive [d]amages," "special damages, and general damages," and finally, "[s]uch other and further relief as this Court deems just and proper." *Id.* at 7:17-26. As such, Plaintiff's claims are not readily quantifiable, and he therefore must apply for a default judgment, *see* Fed. R. Civ. P. 55(b)(1)-(2).

Plaintiff's claims against Defendants are for unfair settlement practices/bad faith, breach of fiduciary duty, and negligence, ECF No. 10 at 4-7, for failing to timely approve his doctors' preauthorization requests, proximately causing him to "suffer[ ] and continue[] to suffer tremendous pain, a loss of enjoyment of life, and [ ] fac[e] lifelong care due to [Defendants'] bad faith." *See id.* ¶¶ 15-47. When a plaintiff applies for a default judgment,

> *[t]he court may conduct hearings* or make referrals- preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

> to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2) (emphasis added). Under the circumstances here, and given much of the relief he seeks is not capable of being made certain by computation, Plaintiff respectfully submits that a hearing is needed in order for the Court to determine the amount of damages to award, and on the other grounds set forth in the excerpt above.

Consequently, Plaintiff respectfully applies for a default judgment against Defendants, to be entered at or following a default damages hearing to be scheduled by the Court.

**RESPECTFULLY SUBMITTED** this 17th day of October 2026.

**MILLS + WOODS LAW, PLLC**

By */s/ Sean A. Woods*

Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

*/s/ Ben Dangerfield*